**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

YINJI PEI,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    14-71885

Agency No. A099-901-580

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Yinji Pei, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").   We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancies as to the number of times Pei was interrogated, what information she revealed to police, and the length and type of medical care she required. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination was reasonable under the "totality of circumstances"). Pei's explanations do not compel the opposite result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Pei's asylum and withholding of removal claims fail. *See Jiang*, 754 F.3d at 740.

Pei's CAT claim also fails because it is based on the same testimony the agency found not credible, and Pei does not point to any other evidence that compels the finding it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned. *See id.* at 740-41.

**PETITION FOR REVIEW DENIED.**